UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x

UNITED STATES OF AMERICA            :
                                    :
            -v.-                    :        S3 11 Cr. 184 (DLC)
                                    :
CALIEB BARNES                       :
       and                          :
GREGORY PLASKETT,                   :
                                    :
            Defendants.             :
                                    :
-------------------------------x


# GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO PRETRIAL MOTION OF DEFENDANT CALIEB BARNES


                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York

                              Attorney for the United States
                                       of America


LAURIE A. KORENBAUM/TIMOTHY D. SINI
Assistant United States Attorney

        - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA          :
                                  :
          -v.-                    :          S3 11 Cr. 184 (DLC)
                                  :
CALIEB BARNES                     :
     and                          :
GREGORY PLASKETT,                 :
                                  :
          Defendants.             :
                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO PRETRIAL MOTION OF DEFENDANT CALIEB BARNES

This memorandum of law is respectfully submitted in opposition to the pretrial motion submitted by defendant Calieb him.  By his motion, Barnes seeks to preclude certain Government witnesses from making in-court identifications of Barnes based on his speculation that such identifications "*may have been* the product of an improperly suggestive identification procedure." Memorandum of Law In Support of the Defendant's Motion for an Order Precluding In-Court Identification of Calieb Barnes (hereinafter "Barnes Brief") at 1 (emphasis added).  In addition, although he alleges no specific reason for believing that the in-court identifications would be tainted in any way by a prior suggestive identification proceeding, Barnes nonetheless requests an evidentiary hearing on his motion.

As explained below, Barnes's motion is devoid of merit and, as Barnes makes no allegations of any misconduct regarding the identification procedures employed in this case, he should

not be granted an evidentiary hearing on his motion.

## RELEVANT FACTUAL BACKGROUND

On August 2, 2011, a grand jury sitting in the Southern District of New York issued a superseding indictment charging Barnes with narcotics conspiracy, weapons possession, Hobbs Act robbery conspiracy and substantive Hobbs Act robbery, conspiracy to traffic in firearms, and murder.[1]    Trial is scheduled to commence on April 9, 2012.

During the course of the investigation of this case, which involved not only Calieb Barnes, but multiple other targets and suspects, the Government showed various witnesses two binders containing a total of 176 photographs.  On October 3, 2011, Barnes's attorney, Andrew G. Patel, Esq., viewed those books at the U.S. Attorney's Office.  See Declaration of Andrew G. Patel, dated October 7, 2011 (hereinafter "Patel Dec."), at ¶ 4.  As Barnes concedes, each of the photographs are generally the same size, and the photographs "depict individuals of different ages, genders and races."  Id. at ¶ 5.  Although it is true that "[o]ne of the photographs in the first notebook is of Calieb Barnes," Patel Dec. at ¶ 5, more precisely, Barnes's photograph is number 66 in that book.

Although defense counsel states that he has received no

---

[1]    Co-defendant Gregory Plaskett is charged with narcotics conspiracy, weapons possession and murder.

2

information from the Government "concerning the identification procedures employed in this matter, [and that he has] no information concerning the manner in which [the] potential witnesses viewed [the] notebooks," Patel Dec. at ¶ 7, that is incorrect.  Before Mr. Patel viewed the binders, the Government informed him that (1) the binders were shown to each witness by a law enforcement agent seated next to the witness; (2) the photos were viewed individually, with the agent turning each page one at a time and displaying a single page at a time; and (3) information, if any, provided by the witness regarding a particular photograph was recorded by another agent.  It is not accurate that the witnesses identified Barnes "after they viewed these notebooks," Patel Dec. at ¶ 6; in fact, the witnesses identified Barnes *as they were looking* at his photograph.

**ARGUMENT**

**THE PROCEDURES USED TO IDENTIFY BARNES WERE NOT SUGGESTIVE**

As noted, Barnes speculates that the procedures employed while showing the witnesses the photographs in the binders *may have been* the product of an improperly suggestive identification procedure.  Barnes Brief at 1.  However, the procedure, as explained to Barnes's counsel at the October 3, 2011 meeting, and as described above, refutes any such notion.  Moreover, as the Government informed defense counsel at the October 3, 2011 meeting, all of the witnesses who identified

3

Barnes while viewing the photo books know him; it is for this reason that the Government will not be introducing the out-of-court identifications at trial.  Rather, the Government fully expects that these witnesses will be able to make in-court identifications of Barnes based on their previous relationships and contacts with him and not based in any way on viewing his photograph in one of the photo books.  Given the fact that these witnesses all know Barnes, there is little chance indeed that they all misidentified him, see Barnes Br. at 2, and that they will do so again in court as the result of an earlier suggestive identification procedure.

In addition, nothing about the circumstances of the identification procedure, as described to counsel at the October 3, 2011 meeting, militates in favor of granting Barnes's request for a hearing.  A defendant does not have a constitutional right to a pretrial hearing on the admissibility of identification evidence.  Watkins v. Sowders, 449 U.S. 341, 347 (1981).  Therefore, when the defendant fails to make a threshold showing that "the surrounding circumstances or actual conduct" of the procedures used to secure identifications were unduly suggestive, a pretrial hearing is not required.  United States v. Leonardi, 623 F.2d 746, 755 (2d Cir. 1980).  Moreover, "[w]here a defendant's motion is based entirely on speculation as to how the procedures used in the identification might have been suggestive,

and does not challenge the [photo books] themselves, a pre-trial hearing is not appropriate." United States v. Volpe, 42 F. Supp.2d 204, 223 (E.D.N.Y. 1999).

Where, as here, the defendant fails to make an adequate showing of some type of impropriety in the identification procedure, "exploration of the circumstances surrounding the identification procedures may be properly left to cross-examination at trial." United States v. Padilla, S1 94 Cr. 313 (CSH), 1994 WL 681812, at *8 (S.D.N.Y. Dec. 5, 1994). Indeed, the evaluation of identification "evidence under the instructions of the trial judge is the very task our system must assume juries can perform." Watkins v. Sowder, 449 U.S. at 347. Such an assumption is particularly warranted where, as here, the witnesses "had seen the defendant in person and in action at approximately the time of the violations charged in the indictment." United States v. Baccollo, 725 F.2d 170, 173 (2d Cir. 1983).

Barnes has not presented any facts supporting his contention that the identification procedure employed here was suggestive – he concedes as much when he states that the identifications "*may have been* the product of an improperly suggestive identification procedure." Barnes Brief at 1. His request for a hearing should therefore be denied.

Moreover, the identification procedures employed in

5

this case, as described above and to counsel at the October 3, 2011 meeting, were neither coercive nor in any way suggestive. Specifically, each witness was shown the photographs individually while their information, if any, was recorded by an agent.  The series of photographs themselves that were shown to the witnesses were similarly in no way suggestive or prejudicial, nor does Barnes suggest that they were.  Barnes cites to several cases involving the use of a photo array, see Barnes Brief at 2-3, but those cases are inapposite.  The witnesses here – each of whom knew Barnes from past, personal interaction with him – were not shown a photo array; rather, they were shown a sequential series of 176 photographs, each of uniform size and quality.  Thus, none of the dangers that might be present in cases where a photo array is used, such as the possibility that a witness will make an identification not based on memory or knowledge, but because the witness assumes that a photograph of the perpetrator or suspect must be contained in the array merely by virtue of the fact that the array would not otherwise be shown to the witness, are not present here.

Barnes suggests that a hearing is warranted because (1) he does not know if the witnesses viewed the photo books individually or as part of a group; and (2) he does not know what, if anything, was said to the witnesses as they viewed the photo books or after they viewed the photo books.  Patel Dec. at

6

7.    First, the Government has already disclosed to Barnes that each witness sat next to a law enforcement agent as he or she viewed the photo books.  Thus, it is apparent that the witnesses viewed the photo books individually and not as a group.  Second, given that the witnesses identified Barnes as they were viewing his photograph, it is irrelevant what, if anything, was said to the witnesses after they made the identifications.

Finally, to the extent that Barnes intimates that the agents may have said something to the witnesses in order to prompt them to identify him, that is speculation of the thinnest sort, given the fact that the witnesses all knew Barnes.  Thus, even if the agents involved in the identification procedures – investigators with the U.S. Attorney's Office, who were accompanied by at least one prosecutor at all times during the procedure – were inclined to improperly prompt the witnesses, they had absolutely no cause or motive to do so as the witnesses could all readily identify Barnes given their past associations with them.[2]

Simply put, Barnes has not advanced any facts or arguments indicating that the identification procedure employed

---

[2]    Even if there was some degree of suggestiveness in the manner in which the identification procedures were conducted, and there is no indication that that is the case, because the witnesses know the defendant well and had multiple opportunities to observe him, in-court identifications would nonetheless be deemed both reliable and admissible.  See, e.g., United States v. Leonardi, 623 F.2d at 755-56.

here was unduly suggestive, and the photographs themselves that were shown to the witnesses were not in fact the least bit suggestive. The identification procedure, described above, further demonstrates that the identifications of Barnes were not the product of coercion or suggestiveness. Therefore, Barnes's motion, and his request for an evidentiary hearing, should be denied.

### CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court deny the defendant's pre-trial motion and his request for a hearing.

Dated:  New York, New York
        October 21, 2011

Respectfully submitted,

PREET BHARARA
United States Attorney
Southern District of New York

By: _____
    Laurie A. Korenbaum/Timothy D. Sini
    Assistant United States Attorneys
    Tel.: (212) 637-2266/2358

8

## AFFIRMATION OF SERVICE

Laurie A. Korenbaum, pursuant to 28 U.S.C. § 1746, declares:

I am an Assistant United States Attorney in Office of the United States Attorney for the Southern District of New York. On October 21, 2011, I caused a copy of the foregoing GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO PRETRIAL MOTIONS OF DEFENDANT CALIEB BARNES to be served on the following by filing a copy via ECF:

    Andrew G. Patel
    The Trinity Building
    111 Broadway, Suite 1305
    New York, New York 10006

    Counsel for Defendant CALIEB BARNES

I declare under penalty of perjury that the foregoing is true and correct.

Dated:    New York, New York
          October 21, 2011

          LAURIE A. KORENBAUM
          Assistant United States Attorney
          (212) 637-2266

9