UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
                                      :
 CALIEB BARNES,                       :          15cv4437(DLC)
                       Petitioner,    :
                                      :          11cr00184(DLC)
            -v-                       :
                                      :          OPINION AND ORDER
 UNITED STATES OF AMERICA,            :
                                      :
                       Respondent.    :
                                      :
--------------------------------------X

APPEARANCES:

For the petitioner:
Calieb Barnes, pro se
64765-054
USP Allenwood
P.O. Box 3000
White Deer, PA 17887

For the respondent:
Laurie Ann Korenbaum
U.S. Attorney's Office, SDNY
86 Chambers Street
New York, NY 10007

DENISE COTE, District Judge:

     In a summary order of March 21, 2014, the Court of Appeals

affirmed the conviction of Calieb Barnes.  On June 5, 2015,

Barnes filed a timely petition for a writ of habeas corpus under

28 U.S.C. § 2255.  For the following reasons, the petition is

denied.

## **Background**

     Barnes was convicted following a jury trial on ten

substantive and conspiracy counts of drug trafficking, firearms

trafficking, Hobbs Act robbery, murder while engaged in drug trafficking, and possession and use of a firearm in furtherance of certain of those crimes.  He was sentenced principally to a term of imprisonment of 100 years.

In brief, the evidence at trial showed that Barnes operated a crack cocaine spot in the Bronx from 2000 to 2010, and as an outgrowth of that business murdered his former drug partner Raymond McNeil on May 15, 2010.  Shortly after committing the murder, Barnes concluded that law enforcement activity was making the operation of the drug spot too dangerous, and he switched to selling marijuana and firearms until his arrest in 2011.  A wiretap on Barnes's telephone during this later period provided overwhelming evidence of his engagement in the marijuana and firearms trafficking.

The most serious charge against Barnes was his participation in the murder of McNeil.  The evidence at trial regarding the murder included testimony that Barnes and McNeil had fought prior to McNeil's murder.  Witnesses described each of them proclaiming their enmity.  On the night of May 15, McNeil was shot to death following a car chase.  A civilian witness saw a car with blue headlights leave the murder scene. When the police later seized Barnes' car, they discovered it had blue headlights.  As described by trial witnesses, Barnes and his accomplice in the murder made various statements essentially

confirming their knowledge of and participation in the murder. Moreover, cell site and other telephone records were consistent with their presence at the scene of the murder.

In his petition, Barnes asserts that his trial counsel was ineffective in four ways: (1) counsel failed to move to sever from the remaining counts the two counts in which he was charged with participating in a conspiracy to distribute marijuana and gun trafficking; (2) counsel failed to call Vanessa Swann as an alibi witness; (3) counsel was incorrect when he explained to Barnes that stipulations regarding the dates Barnes was in prison would be of assistance to Barnes' defense; and (4) counsel failed to provide the Court with legal authority to support counsel's request for a multiple conspiracy charge. Barnes also asserts that appellate counsel was ineffective because she should have raised the following two issues on appeal: (1) trial counsel was ineffective for failing to raise the issue of severance of the two counts; and (2) trial counsel was ineffective for failing to provide legal authority in support of his request for a multiple conspiracy charge.

## Discussion

The petition relies on claimed ineffective assistance of trial and appellate counsel. In order to prevail on a claim of ineffective assistance of counsel, Gonzalez must make two showings:

3

First, he must demonstrate that his counsel's
representation "fell below an objective standard of
reasonableness."  Second, he must establish that he
suffered prejudice –- in this context, meaning that
"there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the
proceeding would have been different."

Fulton v. Graham, 802 F.3d 257, 265 (2d Cir. 2015) (quoting

Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).

The same two-prong test for ineffective assistance of

counsel applies during direct appeal of a conviction.  Lynch v.

Dolce, 789 F.3d 303, 311 (2d Cir. 2015).  In the appellate

context, "counsel has no duty to raise every non-frivolous issue

that could be raised."  Id.  A petitioner "may establish

constitutionally inadequate performance of appellate counsel if

he shows that counsel omitted significant and obvious issues

while pursuing issues that were clearly and significantly

weaker."  Id. (citation omitted).  To establish prejudice, a

petitioner must show that "had his claim been raised on appeal,

there is a reasonable probability that it would have succeeded."

Id.

**1.  Severance**

Barnes asserts that his trial counsel should have moved to

sever the trial of two of the Indictment's ten counts.  He

asserts that Count Nine and Count Ten, which charged Barnes with

participating in a marijuana conspiracy and with gun

4

trafficking, respectively, should each have been severed and tried alone.  The evidence on these two counts included Barnes's wiretapped conversations and Barnes conceded his guilt on Counts Nine and Ten at trial.

The law on severance is well-established.  "The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  Rule 8(a), Fed. R. Crim. P.  Under Rule 8(a), "[j]oinder is proper where the same evidence may be used to prove each count, or if the counts have a sufficient logical connection."  United States v. Page, 657 F.3d 126, 129 (2d Cir. 2011) (citation omitted).  "Similar charges include those that are somewhat alike, or those having a general likeness to each other."  United States v. Rivera, 546 F.3d 245, 253 (2d Cir. 2008) (citation omitted).  "Even if offenses are properly joined, in certain circumstances severance may be warranted" under Rule 14.  Page, 657 F.3d at 129.  A defendant arguing for severance in such circumstances must show not simply some prejudice but "substantial prejudice."  Id. (citation omitted).  A defendant arguing that he will be subject to substantial prejudice without severance faces a "heavy burden."  Id. (citation omitted).

Barnes has not shown that his attorney was ineffective for failing to request severance of Counts Nine and Ten of the Indictment.  The crimes charged in Counts Nine and Ten were of a similar character to the other crimes with which Barnes was charged, and were connected to Barnes's participation in those other crimes.  Indeed, the evidence underlying not just the murder charge but also the drug charges in the first counts in the Indictment included Barnes's possession and use of firearms. The trial evidence also established that Barnes conspired to distribute marijuana, as charged in Count Nine, with one of his principal coconspirators in the crimes charged in the earlier Counts.  The evidence at trial showed that Barnes's crimes in 2010 and 2011, as charged in Counts Nine and Ten, were a direct outgrowth of his prior criminal activity, conducted with some of the same coconspirators, and of a similar nature to those earlier crimes.  Rule 8(a)'s requirements were more than satisfied by joining these counts together in a single trial. His trial counsel's decision not to seek severance therefore did not fall below an objective standard of reasonableness.

Barnes has also failed to establish that he was unfairly prejudiced by the admission of the evidence underlying the charges in Counts Nine and Ten at a single trial of all of the Indictment's counts.  Wiretap evidence, and evidence obtained from a search, provided overwhelming proof of the crimes charged

in Counts Nine and Ten.  There is no basis to find that his
conviction on either of those two counts occurred because of the
joint trial.  Conversely, the crimes charged in Counts Nine and
Ten were not more serious than the crimes charged in the earlier
counts.  Because there was a sharp division in time between the
activities in 2010 and 2011, which supported the charges in
Count Nine and Count Ten, it was not difficult for the jury to
follow the Court's charge that it consider the evidence as to
each count separately.  Finally, at least some of the evidence
from Barnes' criminal activities in 2010 and 2011 was directly
relevant to the criminal activity that was the focus of the
other charges in the Indictment, and would have been admitted in
any event at a trial on just the first eight counts.

Barnes also argues that his appellate counsel was
ineffective for failing to argue that his trial counsel was
ineffective for not seeking severance.  As discussed above, Rule
8(a)'s requirements were readily satisfied by the strong
relationship between the conduct charged in Counts Nine and Ten
and the crimes alleged in the remainder of the Indictment.
Because his trial counsel was not ineffective when he elected
not to ask for severance of the two counts, Barnes cannot have
been prejudiced by his appellate counsel's failure to raise this
issue.  Barnes has not demonstrated that there is a reasonable
probability that the Court of Appeals would have granted relief

had appellate counsel argued that Barnes's trial attorney should have requested severance.

## 2. Alibi Witness

Barnes asserts that trial counsel erred in not calling Vanessa Swann ("Swann") to testify as a defense witness so that she could provide an alibi for Barnes to the murder charge. Barnes asserts that he was in bed with Swann at the time of the murder at a location that was close to where the murder occurred.  He admits that defense counsel interviewed Swann, and asserts that counsel told him that she would appear biased and untruthful if called as a witness.  Despite referencing an affidavit from Swann in his petition, Barnes has not provided an affidavit from Swann to support his description of what she would have said if she had testified.

The "decision whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial." United States v. Best, 219 F.3d 192, 201-02 (2d Cir. 2000) (citation omitted).  Moreover, an attorney's "decision not to call a particular witness is typically a question of trial strategy that reviewing courts are ill-suited to second-guess." Greiner v. Wells, 417 F.3d 305, 323 (2d Cir. 2005) (citation omitted).  Thus, "counsel's decision as to whether to call specific witnesses -- even ones that might offer

exculpatory evidence -- is ordinarily not viewed as a lapse in professional representation." Id. (citation omitted).

Trial counsel is an extremely experienced, highly regarded member of this Court's CJA panel.  He is a very able trial lawyer.  There is no basis here to second guess his determination that Swann's testimony would not have assisted the defendant.  This is especially true because Barnes's trial attorney only made the decision not to call Swann after interviewing her.  Thus, Barnes has not shown that his counsel's decision not to call Swann fell below an objective standard of reasonableness.

## 3.  Stipulation

Barnes contends that his trial attorney should not have stipulated to evidence that Barnes was incarcerated during several periods of time, including periods covered by the crack cocaine conspiracy charged in Count One, without attempting to capitalize on this evidence during his summation.  Barnes also claims that his attorney misled him about the reasons for entering into the stipulations and failed to use them in his defense.

Count One charged Barnes and a co-defendant with participating in a conspiracy to distribute crack cocaine over a ten year period that ran from about 2000 to November 2010.  The stipulations, which were received in evidence as defendant's

9

exhibits F and G, reflected that the defendant was incarcerated for three periods before the conspiracy and for three periods during the conspiracy.[1]  One of the stipulations reported that the defendant was incarcerated from April 9, 1999 to June 21, 2001, and the defendant does not take issue with that part of the stipulations.

Evidence of several of Barnes's arrests and prior convictions were also admitted at trial.  On March 2, 2012, the Government filed a motion to introduce certain evidence under Rule 404(b), Fed. R. Evid.  Specifically, the Government sought to introduce evidence of Barnes's prior convictions from 1996, 2002, and 2004, as well as the events underlying four prior arrests that did not result in convictions.  Two of those arrests occurred in 1998, one in 2007, and one in 2009.  At the final pretrial conference on March 8, the Court ruled that the Government could put on evidence of one of the three events that took place before the conspiracy began in 2000.  That is, the Government could introduce evidence about the 1996 conviction or one of the 1998 arrests.  Evidence regarding all of the

---

[1] The periods of incarceration reflected in the stipulations run from April 14 to June 28, 1996; from April 17 to June 11, 1997; from October 19 to December 23, 1998; from April 9, 1999 to June 21, 2001; from June 19, 2002 to August 9, 2003; and from January 25 to July 7, 2005.

convictions and arrests that occurred during the period of the conspiracy were ruled to be admissible.[2]

"As a rule, counsel's decision to stipulate to certain evidence . . . involves a strategic choice, which is virtually unchallengeable if made after thorough investigation." United States v. Gaskin, 364 F.3d 438, 468 (2d Cir. 2004) (citation omitted).  Such "trial strategy and tactics" benefit from a "strong presumption" that they fall within a "wide range of reasonable professional assistance." United States v. Cohen, 427 F.3d 164, 170-71 (2d Cir. 2005) (citation omitted).

Barnes contends that his attorney's explanation to him of the reason for entering into the stipulations was misleading. According to Barnes, his attorney explained that he would use the stipulations to argue for an acquittal on each of the charges premised on the Count One conspiracy, including the murder charge, since the defendant could not have participated in the ongoing conspiracy charged in Count One since he was frequently absent from the scene.  During his summation argument, defense counsel used the stipulations about Barnes's incarceration in exactly this way: he argued that Barnes could not have participated in a conspiracy while he was incarcerated, particularly from 1999 to 2001.  Thus, trial counsel did not

---

[2] The Court excluded certain details surrounding those arrests and convictions, however, because they were unduly prejudicial.

11

mislead Barnes when he told him that he would use the
stipulations to argue that Barnes could not have been a member
of the conspiracy charged in Count One.  Counsel's strategic
choice to stipulate to those times of incarceration was
professionally reasonable in light of the evidence against
Barnes concerning Count One.

In any event, Barnes was not prejudiced by the stipulations
concerning his time spent in prison.  Evidence regarding several
of Barnes's prior convictions was admitted at trial, and there
is no suggestion that the information in the stipulations was
incorrect.

**4. Multiple Conspiracy Charge**

The defendant contends that his trial attorney should have
brought to the Court's attention United States v. Jones, 482
F.3d 60 (2d Cir. 2006), when defense counsel requested a
multiple conspiracy charge during the charging conference.
Specifically, Barnes argues that, had his attorney cited Jones,
the Court would have granted his request for a multiple
conspiracy instruction.

Barnes has not shown any failure by counsel or prejudice
resulting from counsel's decision not to cite Jones.  Defense
counsel requested a multiple conspiracy charge at the charging
conference.  In requesting the charge, defense counsel cited a
Second Circuit case and Judge Sand's Model Federal Jury

Instructions.  The Court invited defense counsel to bring to its
attention a case in which such a charge had been given in a
single-defendant case, which defense counsel was unable to do.
The Court explained its reasons for declining to give such an
instruction, and on appeal the Court of Appeals rejected
Barnes's argument that a multiple conspiracy instruction should
have been given.  The Court of Appeals wrote:

> Barnes cannot demonstrate substantial prejudice [from the
> refusal to give the charge] because (1) the district court
> specifically charged the jury that it had to find the
> conspiracy stated in the indictment and Barnes's membership
> in that conspiracy proved beyond a reasonable doubt, and
> (2) the record evidence was sufficient to support a jury
> finding that the government carried this burden.

United States v. Barnes, 560 F. App'x 36, 42 (2d Cir. 2014).

Moreover, Jones does not apply to Barnes's circumstances
and its citation would not have affected the Court's analysis.
In Jones, the defendant was charged in separate counts with
participating in several conspiracies in violation of the same
statutory provision.  Jones, 482 F.3d at 72.  The indictment
alleged that the conspiracies existed for different, overlapping
periods of time and the defendant had different groups of
coconspirators in each.  Id.  The multiple conspiracy charge was
given to underscore the importance of the jury focusing
separately on each of the conspiracy counts because "the jury
could find that any of the alleged conspiracies existed without

finding that another alleged conspiracy existed."[3]  <u>Id</u>. at 73.
Unlike in <u>Jones</u>, Barnes was charged with only one narcotics
conspiracy during the time period alleged in Count One.  The
Court instructed the jury accordingly.  There is no risk that
the jury was confused about which conspiracy it was considering
when it convicted Barnes of Count One.

Barnes also argues that his appellate counsel was
ineffective for her failure to include in his appeal an argument
that trial counsel was ineffective for failing to cite <u>Jones</u>.
Because there was no ineffective assistance of trial counsel in
this regard, the omission of this argument on appeal does not
constitute an error.

<strong><u>Conclusion</u></strong>

Barnes's June 5, 2015 petition for a writ of habeas corpus
is denied.  In addition, a certificate of appealability shall be
not granted.  The petitioner has not made a substantial showing
of a denial of a federal right and appellate review is,
therefore, not warranted.  <u>Hoffler v. Bezio</u>, 726 F.3d 144, 154
(2d Cir. 2013); <u>Tankleff v. Senkowski</u>, 135 F.3d 235, 241 (2d
Cir. 1998); <u>Rodriquez v. Scully</u>, 905 F.2d 24, 24 (2d Cir. 1990).

---

[3] The analysis of multiple conspiracies in <u>Jones</u> also focused on
the issue of multiplicity.  The defendant had argued that the
indictment charged him with a single offense in multiple counts.
The Second Circuit rejected that argument and affirmed Jones's
conviction.

Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  The Clerk of Court shall close the case.

Dated:     New York, New York
           February 8, 2016


                                    _____
                                        DENISE COTE
                            United States District Judge


15

COPIES MAILED TO:

Calieb Barnes
64765-054
USP Allenwood
P.O. Box 3000
White Deer, PA 17887